JOURNAL ENTRY AND OPINION
William Iglesias,[1] pursuant to App.R. 26 (B), is attempting to reopen the judgment of this court, which affirmed his plea of guilty to one count of murder with a firearm specification (R.C. 2903.02), one count of aggravated robbery with a firearm specification (R.C. 2911.01), and four counts of felonious assault with a firearm specification (R.C.2903.11). See State v. Inglesias-Rodriquez (March 16, 2000), Cuyahoga App. No. 76028, unreported. For the following reasons, we deny the Application for Reopening.
Iglesias contends his attorney was ineffective on appeal because: (1) he failed to argue the issue of the judge's denial of his motion to withdraw a plea of guilty; (2) he failed to argue the issue of a defective plea of guilty; and (3) he failed to thoroughly interview Iglesias prior to filing the appeal.
Initially, we find that the doctrine of res judicata precludes this court from reopening the appeal. The doctrine of res judicata may be applied to bar any further litigation of issues which were previously raised or could have been raised through an appeal. See, generally, Statev. Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 104. In addition, the Supreme Court of Ohio has established that claims of ineffective assistance of appellate counsel may be barred by res judicata unless circumstances render the application of the doctrine unjust. See Statev. Murnahan (1992), 63 Ohio St.3d 60, 514 N.E.2d 1204.
In the case sub judice, Iglesias possessed a prior opportunity to raise the issue of ineffective assistance of appellate counsel through an appeal to the Supreme Court of Ohio, but he did not do so and has further failed to demonstrate why the doctrine of res judicata should not prevent further review of the claim of ineffective assistance of appellate counsel. Accordingly, we find that res judicata bars any further review of this claim and that its application is just. See State v. Bugg (Oct. 12, 1999), Cuyahoga App. No. 74847, unreported, reopening disallowed (Apr. 7, 2000), Motion No. 13465; State v. Hicks (Nov. 8, 1982), Cuyahoga App. No. 44456, unreported, reopening disallowed (Apr. 19, 1994), Motion No. 50328, affirmed (Aug 3, 1994), 70 Ohio St.3d 1408, 637 N.E.2d 5.
Additionally, the doctrine of res judicata prevents reopening of Iglesias' appeal since the three issues he now raises have been previously reviewed by this court. In the appeal of State v. Inglesias-Rodriquez, supra, Iglesias presented five assignments of error: (1) trial court erred by failing to allow the defendant to withdraw his plea of guilty prior to sentencing; (2) trial court erred by imposing consecutive sentences of incarceration; (3) trial court erred by denying the defendant's request to remove indigent counsel and appoint new counsel; (4) trial court erred by denying the defendant's request for an independent psychiatric evaluation in order to determine competency to stand trial and sanity at the time of the offense; and (5) the defendant was denied effective assistance of trial court counsel through a defective plea of guilty. Thus, Iglesias' claims for reopening were previously addressed in the prior appeal. State v. Chaney (Aug. 28, 1997), Cuyahoga App. No. 71274, unreported, reopening disallowed (Mar. 5, 1998), Motion No. 89560; State v. Hunter (Jan. 25, 1996), Cuyahoga App. Nos. 68447, 68448, 68449, 68450, 68451, 69306, unreported, reopening disallowed (May 15, 1997), Motion No. 80584.
Finally, a review of the application for reopening fails to demonstrate the existence of a genuine issue as to whether Iglesias was deprived of the effective assistance of appellate counsel on appeal because "my lawyer never contacted me prior to brief of appellant, never sent me a copy of my court transcripts * * * never informed me of brief of the state before oral argument. I received a copy on 3-14-00 dated 11-1-99." Iglesias fails to demonstrate to this court that personal contact with his appellate lawyer prior to filing an appellate brief, his failure to receive a copy of the appellate brief, his failure to receive a copy of the transcript of proceedings in the lower court, or his failure to receive a copy of the answer brief as filed by the appellee, would have resulted in a reversal of the plea of guilty to the offenses of murder, felonious assault and aggravated robbery. Strickland v. Washington
(1984), 466 U.S. 668; State v. Smith (1985), 17 Ohio St.3d 98,477 N.E.2d 1128; Vaughn v. Maxwell (1965), 2 Ohio St.2d 299,209 N.E.2d 164.
We find no substance to the claim that Iglesias' lawyer was ineffective upon appeal to this court. Accordingly, the Application for Reopening is denied.
 ____________________ ANN. KILBANE, JUDGE
TIMOTHY E. McMONAGLE, P.J. AND MICHAEL J. CORRIGAN, J., CONCUR.
[1] Original appeal listed Iglesias as Inglesias.